IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| SHEM O. MORGAN, : | |
| : | |
| Petitioner, : | |
| : | |
| VS. : | |
| : | NO.: 4:22-CV-50-CDL-MSH |
| Warden SHAWN EMMONS, : | |
| : | |
| Respondent. : | |
| _____: | |

**ORDER**

Petitioner Shem O. Morgan, a prisoner in Valdosta State Prison in Valdosta, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his October 23, 2000 conviction in the Superior Court of Muscogee County.  ECF No. 1. Petitioner forwarded to the Court an incomplete motion to proceed *in forma pauperis*. ECF No. 1-2.  For purposes of this dismissal alone, Petitioner will be allowed to proceed without prepayment of the $5.00 filing fee.

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Rule 4 provides that

> [t]he clerk must forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner previously filed a § 2254 petition in this Court challenging his October 23, 2000 Muscogee County conviction for felony murder, aggravated assault, and possession of a firearm during commission of a felony.  *Morgan v. Barrow*, 4:07-cv-127-

CDL (M.D. Ga. Aug. 17, 2007).  On March 4, 2008, the District Court adopted the Report and Recommendation of the United States Magistrate Judge and dismissed that federal habeas corpus action because it was untimely.  *Id*. at ECF No. 12.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner on August 17, 2007.  *Morgan v. Barrow*, 4:07-cv-127-CDL (M.D Ga. Aug. 17, 2007), at ECF No. 1.  Furthermore, Petitioner's August 17, 2007 petition qualified as a first petition for the purpose of determining successor status because the Court dismissed it as untimely.  *Hutcherson v. Riley*, 468 F.3d 750, 752, 755 (11th Cir. 2006); *Gipson v. Sec'y, Dep't of Corr.*, 784 F. App'x 683, 683 (11th Cir. 2019) (citation omitted) (upholding district court's dismissal of habeas petition as "second or successive because it challenged the same judgment at issue in his first § 2254 petition, which was denied as time-barred").  The current petition is, therefore, second or successive.

Petitioner does not allege that he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing this petition.  This failing operates as a jurisdictional bar that precludes this Court from considering the merits of the current petition.  See U.S.C. § 2244(b)(3)(A); *Holland v. Sec'y Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) (finding that the district court is without jurisdiction to consider a second or successive petition on the merits and must dismiss it).

Accordingly, it is **ORDERED** that the instant petition be **DISMISSED** because the District Court lacks jurisdiction to consider the petition until the appellate court authorizes it to do so.

**SO ORDERED**, this **4th** day of **March, 2022**.

S/__Clay D. Land_____ _____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA